STEPHEN C. ARNOLD *vs.* EDWIN C. BUDLONG.

A., a dealer in sash, blinds, doors, &c., sold under contract articles of his trade to B. These articles were used in the construction of houses on B.'s land, some incidental work being required in fitting, which was done by A.: —
*Held,* that A. was not entitled to a mechanic's lien, under Gen. Stat. R. I. cap. 166.

PETITION IN EQUITY for the enforcement of a mechanic's lien.

*July* 7, 1877. DURFEE, C. J. This is a petition for the enforcement of a lien claimed under Gen. Stat. R. I. cap. 166. The petitioner is a dealer in sash, blinds, doors, and other similar articles. He does not manufacture these goods, but occasionally applies some labor to finish or fit them the better for their uses. He claims the lien on account of goods in this line, which were

procured of him by the respondent to be used, and which were used in building two houses upon the respondent's land.   They were contracted for before being furnished.   A portion of them were goods which the petitioner had on hand for sale when he was applied to for them, and a portion of them were goods which, not having in stock, he ordered of the manufacturers expressly for the purpose of supplying them to the respondent.   The goods were for the most part delivered by the petitioner upon the premises where they were to be used, and were there fitted or attached to the houses by other persons.   The petitioner did no work upon the houses except to glaze the two front doors and insert the top lights over them.   He did this, or rather had his son do this for him, because it was thought the doors would be more safely brought unglazed, and because the apertures over the doors were prepared for lights without sash.   The question is, whether, under these circumstances, the petitioner is entitled to a lien for his account or any part of it.

We think he is not.   Gen. Stat. R. I. cap. 166, gives a lien for the benefit of two classes, and only two classes of persons: namely, the laborers who expend their labor upon the improvement, and the contractor who furnishes the labor and materials used in the improvement.   The petitioner does not belong to either class.   He did not contract to build the houses or any part of the houses as such.   He simply sold sash, blinds, doors, &c., to be used in their construction.   It is of no consequence that the petitioner, not having all the articles on hand, ordered some of them from the manufacturers, or even procured them to be made expressly for the purpose of being used in the houses. He did not thus become a contractor for the construction of the houses or any part of them, any more than a lumber dealer would, if, being applied to for a peculiar kind of shingles, he should have to send to the mills to get them or have them made. Neither can the petitioner be regarded as a laborer.   He did no labor himself on the houses.   He had a little labor done on them, but he had it done, not as a contractor, but as a seller of doors and windows.   The work was subsidiary — incidental merely — to the sale.   He glazed the doors after, instead of before, their delivery.   Instead of setting top lights in sash, he set them in apertures without sash.   That was all, and we do not think he is

entitled to a lien for it. *Burst* v. *Jackson*, 10 Barb. S. C. 219; *Stevens* v. *Wells*, 4 Sn. 387; *Sweet & Carpenter* v. *James*, 2 R. I. 270.

The petition must be dismissed.

*Petition dismissed without costs.*

*Erwin T. Case*, for petitioner.

*Simon S. Lapham & Henry B. Whitman*, for respondent.